IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
JAMES M HUGHES, )
)
            Plaintiff, pro se, )
)
v )
) **1:05CV00610**
UNITED STATES HOUSING )
AND URBAN DEVELOPMENT, )
)
            Defendant )

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court for a review of *pro se* Plaintiff's application to proceed *in forma pauperis* ("ifp") For the reasons set out below, ifp status will be granted for the limited purpose of entering this order and recommendation, the clerk will be directed to file the complaint, and it will be recommended that the complaint be dismissed

Plaintiff seeks to proceed ifp against United States Housing and Urban Development ("HUD"), alleging that the Housing Authority of Winston-Salem ("HAWS") neglected to ask his permission before absorbing his section 8 one-bedroom apartment housing voucher after Plaintiff moved to the Winston-Salem area from Knoxville, Tennessee, sometime around October 2004 [1] Now, Plaintiff

---

[1] Plaintiff maintains that he was told, "off record," that he should have been consulted before HAWS absorbed his voucher when he moved to Winston-Salem from Tennessee, but there seems to be no basis for this off-the-record remark in the HUD regulations on this topic "If funding is available for the receiving PHA [public housing authority] voucher program when the portable family is received, the receiving PHA *may* absorb the family into the receiving PHA voucher program After absorption, the family

alleges, the local housing authorities in Knoxville and Greensboro will not absorb his housing voucher so that he can move again, less than a year after moving to Winston-Salem in the first place, in order to attend "school/college with a PASS from Social Security." Plaintiff requests relief from the court in the form of being "allowed to move to Knoxville, Greensboro, or Raleigh,"[2] as well as "seeking $500 to compensate for the stress [and] disruption in completing my college degree."[3]

Since Plaintiff seeks to proceed ifp, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all well-pled allegations and review the complaint in a light

---

is assisted with funds available for the receiving PHA tenant-based program." 24 C.F.R. § 982.355(d)(1) (emphasis added).

[2] Plaintiff indicates that being "allowed" to move to Raleigh would serve as an adequate remedy, but he is not alleging that either HUD or the local PHA is standing in his way. In fact, he indicates that the PHA in Raleigh agreed to absorb his voucher, but that he could not find "suitable housing." Thus, it is not clear what more the court could provide Plaintiff by way of allowing him to move to Raleigh.

[3] The court notes, however, that Plaintiff also lists $5,500.00 as the monetary demand on the civil cover sheet filed with the court, so it is unclear exactly how much Plaintiff is demanding or how he calculated that amount.

2

most favorable to plaintiff, *Mylan Labs, Inc v Matkari*, 7 F 3d 1130, 1134 (4th Cir 1993), but facts must be alleged with specificity  *White v. White*, 886 F 2d 721, 724 (4th Cir 1989)

The section 8 program is a federally funded rent subsidy program, administered by local public housing authorities ("PHAs"), which is designed to help low-income families procure decent housing  See 42 U S C § 1437f (2004), *see also* 24 C F R § 982 1 (2004)("In the HUD Housing Choice Voucher Program  and the HUD certificate program, HUD pays rental subsidies so eligible families can afford decent, safe and sanitary housing  Both programs are generally administered by State or local governmental entities called public housing agencies  ")  In administering the section 8 program, PHAs are required to adopt an "administrative plan," which lays out the informal review process for applicants to the section 8 program who are denied assistance and the informal hearing process for program participants, and make that plan available for public review  24 C F R § 982 54  Chapter 18 of HAWS' administrative plan, entitled "Complaints and Appeals," sets out the process for appealing an unfavorable decision by a program participant such as Plaintiff

The Fourth Circuit recognizes the "'settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted '" *Thetford Props IV Ltd P'ship v HUD*, 907 F 2d 445, 448 (4th Cir 1990)(quoting *Myers v Bethlehem*

3

*Shipbuilding Corp*, 303 U S 41, 50-51 (1938)) "Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency " *McCarthy v Madigan*, 503 U S 140, 145 (1992) But the federal courts cannot "require a plaintiff to exhaust available administrative remedies before seeking judicial review under the APA [Administrative Procedure Act], where neither the relevant statute nor agency rules specifically mandate exhaustion as a prerequisite to judicial review " *Darby v Cisneros*, 509 U S 137 (1993) In this case, however, HUD regulations clearly contemplate exhaustion of the administrative grievance process before filing for a judicial review

> A decision by the hearing officer, hearing panel, or Board of Commissioners in favor of the PHA or which denies the relief requested by the complainant in whole or in part shall not constitute a waiver of, nor affect in any manner whatever, any rights the complainant may have to a trial de novo or judicial review in any judicial proceedings, *which may thereafter be brought in the matter*

24 C F R § 966 57(c) (emphasis added) The court concludes, then, that Plaintiff is required to exhaust his administrative appeals before requesting judicial review in this instance Because there is no indication that Plaintiff initiated the appropriate administrative appeals process, much less exhausted it, before filing his complaint with the court, it will be recommended that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U S C § 1915(e)(2)

For the foregoing reasons, Plaintiff's ifp application is **GRANTED** for the limited purpose of entering this order and recommendation, the clerk is **DIRECTED** to file the complaint, and it is **RECOMMENDED** that the complaint be dismissed for failure to state a claim

*Wallace Dixon*
Wallace W Dixon
United States Magistrate Judge

July 8, 2005